[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTIONS TO STRIKE (Nos. 153, 155 157)
The following issues are before the court:
a) Are mortgagees "owners" under the mechanic's lien statute and thus entitled to a copy of the certificates of the lien?
b) May the amount of the mechanic's lien be apportioned among individual lots in a development?
It is found that mortgagees are not owners and that the special defense of apportionment is facially insufficient.
The plaintiff, Anthony Julian Railroad Construction Co., sues various defendants in connection with monies allegedly owed to it by Mary Ellen Drive Associates ("MEDA"). The plaintiff alleges that MEDA owes it $495,105.00, which is the balance of a construction contract totalling about $1.5 million. The plaintiff seeks to foreclose a mechanic's lien upon the site development where it performed construction work.
In the first count, the plaintiff sues MEDA, a general partnership; the individual partners of MEDA, Glenn Tatangelo, Gary Knauf, Patrick Pacelli, and Walter Nichols; two banks that hold mortgages from MEDA (The Bank Mart and Connecticut National Bank); and the United States Department of Treasury, Internal Revenue Service ("IRS"), which holds two federal tax liens. In the second count, the plaintiff sues TKP Associates ("TKP"), which owns part of the parcel over which the lien exists; UST Bank/Connecticut, which holds a note from TKP; Robert D. Scinto, who holds two mortgages from TKP; and the IRS, which holds two federal tax liens.
MEDA, its partners except Pacelli, and TKP (hereinafter collectively "MEDA"), UST Bank/Connecticut, and Scinto have separately answered the complaint and each has filed special defenses. The plaintiff moves to strike certain special defenses asserted by these defendants. These three defendant groups have each filed a memorandum in opposition.
A motion to strike tests the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 143, 561 A.2d 432 (1989). A motion to strike admits all well-pleaded facts, which are construed in the light most favorable to the pleader. Id. 142, 146.
I. Notice CT Page 4786
All three defendants allege a special defense that notice of the mechanic's lien was not given to certain mortgagees, who they argue are "owners" and, therefore, entitled to notice pursuant to General Statutes 49-34. These defendants conclude that the lien is void for lack of notice. In support of striking this special defense, the plaintiff argues that 49-34 only requires that the record owner of the property be served with a copy of the certificate of the mechanic's lien.
MEDA alleges in its special defense (#145) that Connecticut National Bank and UST Bank/Connecticut hold mortgage deeds, which are recorded in the Milford Land Records. MEDA alleges that these other defendants were not served with a copy of the certificate of mechanic's lien pursuant to 49-34, which requires "owners" to be served.
UST Bank/Connecticut alleges in its second special defense that it was an owner of the liened premises but was not served with a copy of the mechanic's lien certificate (#146). In his first special defense, Scinto alleges that he was an owner of part of the liened premises and was not served with a copy of the mechanic's lien certification (#168). Scinto also alleges that Connecticut National Bank and UST/Bank Connecticut were owners and were not served with a copy of the certificate.
Section 49-34 of the General Statutes provides in relevant part that "[a] mechanic's lien is not valid, unless the person performing the services or furnishing the materials . . . serves a true and attested copy of the certificate [of lien] upon the owner of the building, lot or plot of land." The Connecticut appellate courts have not yet decided whether a mortgagee is an owner under 49-34 and thus entitled to a copy of the lien certificate. The majority of published superior court decisions hold that mortgagees are not required to be served with the certificate. These decisions generally reason that if the legislature had intended to include mortgagees as "owners", it could have done so, and further reason that requiring mechanic's lienors to notify mortgagees and other lienors of the mechanic's lien would vitiate the practical procedure and purpose of the mechanic's lien statutes. See PDS Engineering Construction, Inc. v. Double RS a/k/a Double RS Partnership, 6 Conn. L. Rptr., No. 7, 181, 185 (April 8, 1992, Satter, S.T.R.); Gilbane Building v. Stamford Towers, 6 Conn. L. Rptr. No. 3, 65, 66067 (February 24, 1992, Dean, J.); St. Lawrence Explosives of Connecticut, Inc. v. Fairfield Resources, Inc., 5 Conn. Rptr., No. 14, 365, 367 (December 31, 1991, Fuller, J.).
St. Lawrence Explosives, supra, and Gilbane, supra, specifically reject the holding in Red Rooster Construction Co. v. CT Page 4787 River Associates, Inc., 4 Conn. L. Rptr., No. 10, 315 (July 22, 1991, Schaller, J.), appeal pending, which is the only published decision to hold that mortgagees are "owners" within the meaning of49-34. In Red Rooster, supra, the court reasoned that because Connecticut is a title theory mortgage state, the mortgagee holds legal title to the mortgaged property and, therefore, is an owner of the property.
It is noted that the decisions contrary to Red Rooster analyze more thoroughly than Red Rooster the purpose of the mechanic's lien statutes and specifically the notice requirement. It is further noted that these decisions are better reasoned. It is clear that the court should grant the motion to strike the defendants' special defenses that allege lack of notice because the mortgagees of the liened property were not required to be served and therefore this special defense is legally insufficient.
II. Apportionment
The plaintiff also moves to strike UST Bank/Connecticut's first special defense, which alleges that "[t]he total amount of the mechanic's lien should be equally apportioned by the plaintiff between or among each of the lots which is being foreclosed in this action." The plaintiff argues that neither the mechanic's lien statutes nor case law authorizes apportionment. UST Bank/Connecticut argues that the court should invoke its equitable power to allow apportionment because the plaintiff has released other portions of the property from the lien, rendering UST Bank/Connecticut potentially liable for work performed on lots over which it does not hold a mortgage.
It is found that UST Bank/Connecticut's first special defense is facially insufficient because it does not plead "[f]acts which are consistent with [the plaintiff's statements of fact] but show, notwithstanding, that he has no cause of action." Practice Book 164.
It is clear that UST Bank/Connecticut's first special defense of apportionment does not defeat the plaintiff's action seeking foreclosure of the mechanic's lien and that it therefore is not a legally sufficient special defense. It is found that the court should grant the motion to strike UST Bank/Connecticut's first special defense.
The court grants the plaintiff's motions to strike MEDA's special defense, Scinto's first special defense, and UST Bank/Connecticut's first and second special defenses.
WILLIAM J. McGRATH, JUDGE CT Page 4788